## CIRCUIT COURT OF THE CITY OF RICHMOND

Leroy F. Moore, III, et ux.

v.

Associates Financial Services of Am., Inc.,
and Bushnell Capital Corp.

September 20, 1995

Case No. LX-188-1

BY JUDGE MELVIN R. HUGHES, JR.

This is a breach of contract case arising out of two alleged contracts entered into on April 18, 1988. Both of the contracts were for a line of credit and were exactly the same except for the amount. The first contract extended plaintiffs a $113,000 line of credit. The second was for $99,000. Now before the court is defendant Associates Financial Services of America, Inc.'s (Associates or defendant) motion for summary judgment. Two defendants are named in the Motion for Judgment, Associates and Bushnell Capital Corporation. Plaintiffs allege that Bushnell purchased the note. The undisputed facts are as follows.

On April 18, 1988, Associates presented plaintiffs with a written offer for a $113,000 line of credit. Plaintiffs accepted the offer by signing. As security plaintiffs promised to give defendant a Deed of Trust. However, at closing, defendant refused to extend the $113,000 line and instead presented the plaintiffs with another offer, exactly the same as the first except that this offer was for a $99,000 line of credit. The parties then proceeded to complete the transaction, without incorporating the first agreement in the second agreement or providing that the second agreement was in lieu of the first. Neither was there a signed writing stating that the first agreement was cancelled, altered, or modified. The plaintiffs contend that the second contract was entered into to mitigate the damages they incurred as a result of defendant's breach of the first contract.

### First Contract

The plaintiffs claim that they incurred damages as a result of the defendant's refusal to furnish them with the $113,000 line of credit as provided by the first contract. The plaintiffs allege they planned to use the $113,000 line of credit to pay off other loans which they had at higher interest rates. They say they were forced to pay the higher interest rates and incurred additional late fees and penalties as a result of the breach. While these damages may have been mitigated by the $99,000 line of credit plaintiffs obtained as a result of the second agreement, if successful in proving that there was a contract, and provided they can prove that these circumstances were within the contemplation of the parties, plaintiffs may be able to recover whatever interest, fees and penalties they would have avoided had they received the extra $14,000. Therefore, issues remain concerning the extent of plaintiffs' losses in this regard. As to the alleged breach of this contract, summary judgment is denied.

### Second Contract

The plaintiffs also allege that the defendant breached the second contract by failing to provide them with a payoff amount. This claim is dismissed for the following reasons.

First, during 1989 the plaintiffs fell seven months behind in their payments on the second contract. The "Additional Provisions," section 9 of the loan agreement, entitled "Default," provides that plaintiffs are in default "if [they] fail to make any payment when due . . . ." The party who commits the first breach of a contract is not entitled to enforce it. See Defendant's Motion for Summary Judgment, p. 10; *Hurley v. Bennett*, 163 Va. 241, 253, 176 S.E. 171, 175 (1934); *Federal Ins. Co. v. Starr Elec. Co.*, 242 Va. 459, 410 S.E.2d 684, 689 (1991).

Second, plaintiffs fail to allege any monetary damages as a result of this breach. In fact, plaintiffs admit they negotiated a pay-off with defendant and paid off the loan at a discount. See Plaintiffs' First Response to Bushnell's Request for Admission, No. 9. Therefore, there are no damages.

Lastly, the fact that the plaintiffs accepted a negotiated pay-off for the second contract bars any further action on that contract. See Defendant's Motion for Summary Judgment, p. 15.

### Lost Salary and Car Allowance

Finally, one of the plaintiffs seeks consequential damages for a lost salary of $1,500 a month and a car allowance of $300 a month. Conse-

quential damages can be recovered for damages resulting from the breach of a contract that a reasonable person would have foreseen would occur from a breach at the time of entry into the contract. Consequential damages prompt parties to reflect on the risks inherent in the bargain and to disclose any nonobvious elements of risk from nonperformance. The plaintiffs neither allege nor cite any basis in the record whatsoever that such risks were within the contemplation of the parties when either of the contracts were made. Therefore the plaintiffs may not recover these damages even if they successfully prove that the defendant breached the first contract.

For these reasons Associates' summary judgment motion is granted regarding the second contract and denied as to the first.